IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PRISCILLA DOMINGUEZ,

       Plaintiffs,

  -vs-                                                                           No. Civ. 09-1206 LH/GBW

YOLANDA TOMS, in her official capacity as
Interim Director of Corre Caminos, JON SAARI in
his official capacity as Grant County Manager and
as supervisor of Yolanda Toms, THE BOARD OF
COUNTY COMMISSIONERS OF GRANT
COUNTY, NEW MEXICO in its official Capacity
and as the supervisor of Jon Saari and as fiscal
agent for Corre Caminos, and the BOARD OF
DIRECTORS OF CORRE CAMINOS as
supervisor of Yolanda Toms,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendants' Partial Motion to Dismiss (Docket No. 3), filed December 29, 2009.  The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Defendants' Motion is well taken in part and will be **granted in part and denied in part**.

      Plaintiff Priscilla Dominguez filed her Complaint for Damages ("Complaint") on December 9, 2009, in the Sixth Judicial District Court for the State of New Mexico.  She states in the Complaint that on April 27, 2006, she was employed as a bus driver by Corre Caminos, "a quasi-governmental agency comprised of many municipalities and counties in southwestern New Mexico

which have banded together to provide public transit in southwestern New Mexico," (Defs.' Notice Removal (Docket No. 1), Ex. A ("Compl.") ¶¶ 2, 3, 8), and that on April 9, 2008, she was wrongly terminated for failing to continue working after her shift was completed the previous day, (*id.* ¶ 15). Plaintiff asserts eight claims in her Complaint: "Count I: Wrongful Termination of Plaintiff," for breach of her employment contract, "Count II: Deprivation of Property Interest Without Due Process of Law," alleging procedural and substantive due process violations, in contravention of her property interest in her employment, "Count III: Breach of Implied Covenant of Good Faith and Fair Dealing," "Count IV: Negligent Supervision and Retention," "Count V: Negligent Training," "Count VI" Declaratory Judgment," and "Count VII: For Debt of Money Due and an Accounting."

Citing Count II, as setting forth "a claim or right arising under the Constitution and laws of the United States and/or a separate and independent claim or cause of action within the jurisdiction conferred . . . by 28 U.S.C. § 1331," Defendants removed this action to federal court on December 29, 2009. (Notice Removal 2.) They now move for partial dismissal, pursuant to FED. R. CIV. P. 12(b)(6), asking that Plaintiff's claim of violation of her right to substantive due process in Count II and Counts III, IV, and V be dismissed for failure to state a claim for which relief can be granted.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. *See Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007)); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Supreme Court's prescribed inquiry when reviewing a motion to dismiss is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). To survive a dismissal, a plaintiff must "nudge his claims across the line from conceivable to plausible."

*Id.* (quoting *Twombly*, 550 U.S. at 570) (alterations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Although a court must assume the veracity of well-pleaded factual allegations, such deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Defendants first argue that Plaintiff's substantive due process claim in Count II must be dismissed because her allegations concerning Defendants' conduct do not shock the contemporary conscience.  The Court agrees that this claim must be dismissed, but for a different reason - even if an employee has a property right in state-created employment, it is not protected by the substantive due process clause.  As the Tenth Circuit Court of Appeals recently commented:

> We have not decided whether an employee with a property right in state-created employment is protected by the substantive due process clause.  *See, e.g., Hennigh* [*v. City of Shawnee*], 155 F.3d [1249,] 1257 [10th Cir. 1998] ("We note that our circuit precedent does not clearly delineate what specific property interests in employment are fundamental, and thus protected by the doctrine of substantive due process [ ]."); *Curtis v. Okla. City Pub. Schs. Bd. of Educ.,* 147 F.3d 1200, 1215 n.17 (10th Cir.1998) (noting that "it is unclear" whether an interest in continued employment is protected by substantive due process); *Archuleta v. Colo. Dep't of Insts.*, 936 F.2d 483, 489 n. 6 (10th Cir.1991) (assuming without deciding that the plaintiff had a property right in continued public employment, but noting that the law is "not clear what interest is required to trigger substantive due process guarantees.").

*Potts v. Davis Cnty.*, 551 F.3d 1188, 1193 (2009).  This Court, however, has decided this issue.  In an oral ruling, *Galindre v. City of Albuquerque*, No. Civ. 96-1742 LH/RLP (D.N.M. July 10, 1998), the Court adopted the Honorable Bruce Black's holding in *Roe v. Antle* that "in non-legislative cases, only procedural [not substantive] due process claims are available to pretextually terminated

3

employees." 964 F. Supp. 1522, 1533 (D.N.M. 1997) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc)). *See also Gomez v. Jaramillo*, No. Civ. 00-1401LH/RLP (D.N.M. Apr. 26, 2001) (same). Therefore, Plaintiff's substantive due process claim will be dismissed.

Defendants also move for dismissal of Plaintiff's state law claims in Counts III, IV, and V on grounds that there is no waiver of immunity for these claims under the New Mexico Tort Claims Act ("NMTC"), N.M. STAT. ANN. §§ 4-4-1 to 27. Plaintiff first maintains that her claim in Count III for breach of the implied covenant of good faith and fair dealing is based upon the contractual relationship of the parties. It is, then, an action in contract, not tort, and, thus is not subject to the NMTCA. *See Bourgeous v. Horizon Healthcare Corp.,* 117 N.M. 434, 438-39, 872 P.2d 852, 856-57 (1994) (finding cause of action exists for breach of an implied covenant of good faith and fair dealing in an employment contract, other than an at-will relationship, and that such action is a claim in contract, not tort). Defendants do not directly address Plaintiff's response. Rather, they counter that New Mexico law requires that claims for breach of contract brought against a governmental entity must be based on a valid written contract, citing N.M. Stat. Ann. § 37-1-23,[1] and assert that Plaintiff has no valid written contact with Defendants. The Court finds Defendants reply to be purely conclusory and Plaintiff, of course, has not had the opportunity to respond to this wholly new argument. Thus, Defendants Motion regarding this claim must, at this juncture, be denied.

---

[1] Section 37-1-23, captioned "Contractual liability; statute of limitations," provides in relevant part:

> Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.

N.M. STAT. ANN. §37-1-23(A).

4

As to her claims for negligent supervision and retention and negligent training, Plaintiff contends that they fall within the waiver of tort immunity set forth in N.M. STAT. ANN. § 41-4-6, specifically, negligence in the operation or maintenance of any building or equipment.[2] This waiver covers "more than the operation or maintenance of the physical aspects of the building, and includes safety policies necessary to protect the people who use the building [and] can include the grounds surrounding and linked to the structure." *Upton v. Clovis Mun. Sch. Dist.*, 140 N.M. 205, 207, 141 P.3d 1259, 1261 (2006). While an allegation of negligent supervision alone "is not actionable, because the [NM]TCA does not specify a tort waiver for negligent supervision," the waiver under § 41-4-6 may encompass "proof of negligent acts of employee supervision that is part of the operation of the building." *Id.* at 209, 141 P.3d at 1263. The waiver, however, covers only dangerous conditions affecting the general public, not "a single, discrete administrative decision affecting only a single person." *Id.* More specifically, "the negligence must be of a kind which makes the premises dangerous, or potentially so, to the affected public, the consumers of the service or the users of the building, including the plaintiff." *Id.* at 211, 141 P.3d at 1265.

As best the Court can determine, Plaintiff's argument that her claims in Counts IV and V fall within this waiver provision of the NMTCA is that Defendants Corre Caminos, Saari, and the County Board breached their duty to adequately train and supervise Defendant Toms by not assuring that she strictly complied with employment policies set forth in the Grant Count Employee Manual.

---

[2] Section 41-4-6, captioned "Liability; buildings, public parks, machinery, equipment and furnishings," provides in relevant part:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

N.M. STAT. ANN. § 41-4-6(A).

This, in turn, meant that any driver could be fired for any reason, notwithstanding an excellent record, causing not only Plaintiff's injuries, but also, by implication, creating an unreasonable dangerous risk to other employed drivers, members of the public using the services of Carre Caminos, and the general motoring public. The Court finds this reasoning so attenuated and so far removed from any applicable New Mexico case law addressing the waiver of immunity in § 41-4-6 that it cannot find that Plaintiff has stated a plausible, or even a conceivable, claim. Therefore, Counts IV and V must be dismissed.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (Docket No. 3), filed December 29, 2009, is **GRANTED IN PART AND PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM AND COUNTS IV AND V ARE DISMISSED**. Defendants' Partial Motion to Dismiss is **DENIED AS TO COUNT III**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**